OPINION
{¶ 1} On October 26, 2001, the Delaware County Grand Jury indicted appellant, Donald Fisher, on two counts of non-support of a dependent in violation of R.C. 2919.21. Appellant failed to pay child support for twenty-six weeks out of one hundred four weeks.
 {¶ 2} On December 13, 2002, appellant pled guilty to one count, a felony of the fifth degree. The second count was dismissed. By judgment entry filed February 13, 2002, the trial court sentenced appellant to eleven months in prison.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "THE COURT SUB JUDICE COMMITTED PREJUDICIAL ERROR IN VIOLATION OF APPELLANT'S FIFTH AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS AND RIGHT TO A FAIR TRIAL UNDER THE UNITED STATES CONSTITUTION AND ARTICLE I, § 10 OF THE OHIO CONSTITUTION WHEN IT ABUSED ITS DISCRETION BY SENTENCING APPELLANT TO A PRISION (SIC) TERM IN THE INSTANT CASE."
 I {¶ 5} Appellant claims the trial court erred in sentencing him to a prison sentence. We disagree.
 {¶ 6} R.C. 2953.08 governs an appeal of sentence for felony. Subsection (G)(2) states as follows:
 {¶ 7} "The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court. The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
 {¶ 8} "(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant;
 {¶ 9} "(b) That the sentence is otherwise contrary to law."
 {¶ 10} Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} Appellant pled guilty to one count of non-support of a dependent in violation of R.C. 2919.21, a fifth degree felony. R.C.2919.21(E). Pursuant to R.C. 2929.14(A)(5), felonies of the fifth degree are punishable by "six, seven, eight, nine, ten, eleven, or twelve months." By judgment entry filed February 13, 2002, the trial court sentenced appellant to eleven months in prison.
 {¶ 12} Appellant argues the trial court abused its discretion in considering the sentencing factors set forth in R.C. 2929.12 and R.C.2929.13. R.C. 2929.13 governs sentencing guidelines for various specific offenses and degrees of offenses. Subsection (B)(1) specifically applies to felonies of the fourth and fifth degree and states as follows:
 {¶ 13} "(B)(1) Except as provided in division (B)(2), (E), (F), or (G) of this section, in sentencing an offender for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 {¶ 14} "(a) In committing the offense, the offender caused physical harm to a person.
 {¶ 15} "(b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 {¶ 16} "(c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 {¶ 17} "(d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 {¶ 18} "(e) The offender committed the offense for hire or as part of an organized criminal activity.
 {¶ 19} "(f) The offense is a sex offense that is a fourth or fifth degree felony violation * * *.
 {¶ 20} "(g) The offender previously served a prison term.
 {¶ 21} "(h) The offender committed the offense while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance.
 {¶ 22} "(i) The offender committed the offense while in possession of a firearm."
 {¶ 23} Subsection (2)(a) states:
 {¶ 24} "If the court makes a finding described in division (B)(1)(a), (b), (c), (d), (e), (f), (g), (h), or (i) of this section and if the court, after considering the factors set forth in section 2929.12
of the Revised Code, finds that a prison term is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code and finds that the offender is not amenable to an available community control sanction, the court shall impose a prison term upon the offender."
 {¶ 25} R.C. 2929.12 governs factors to consider in felony sentencing. Subsection (B) lists the factors the sentencing court shall consider "indicating that the offender's conduct is more serious than conduct normally constituting the offense." Subsection (C) lists the factors the sentencing court shall consider "indicating that the offender's conduct is less serious than conduct normally constituting the offense." Subsections (D) and (E) list the factors the sentencing court shall consider indicating that the offender is likely or not likely to commit future crimes.
 {¶ 26} In sentencing appellant to eleven months in prison, the trial court considered the following factors:
 {¶ 27} "I have taken into consideration the factual background of this case of yours; I have taken into consideration the negotiations conducted between your side of the case and the state's side of the case; I have taken into consideration the presentence report prepared by the Ohio Adult Parole Authority; I have taken into consideration Mr. Hoague's statement and your own statement, and in addition thereto I have considered the various statutory criteria applicable to making disposition of these cases. In particular I have taken into consideration the two overriding purposes of felony sentencing, as the same are set forth in section 2929.11 of the Ohio Revised Code; I have considered the seriousness and recidivism factors relevant to this case of yours, as set forth in section 2929.12; I have paid due heed to the considerations for imposing sanctions for a felony, set forth in section 2929.13; as well as the sanction where a prison term is not required, set out in section 2929.15, and further considered the full range of community control sanctions as those are set forth in section 2929.16, .17 and .18 of the Ohio Revised Code." February 13, 2002 T. at 10-11.
 {¶ 28} After considering these factors, the trial court found the following:
 {¶ 29} "* * * the recidivism and seriousness factors favoring the imposition of a stated prison term outweigh the seriousness and recidivism factors favoring the imposition of community control sanctions for the following reasons: since October of 1973, you have had repeated contact with the criminal justice system of this state, both as a juvenile and as an adult, as the same is fully documented on pages 3 through 9 inclusive of the presentence report, prepared by the Ohio Adult Parole Authority; secondly, you served stated prison terms on three separate occasions; and third, in my opinion you have failed to respond favorably in the past to sanctions imposed upon you for criminal convictions, insofar as you have had an ample opportunity to change your behavior over the past twenty-eight years and have elected not to do so. So also, your relationship with the victim, facilitating this offense, as insofar as you are the natural father of the child in question, and to whom you now have a duty to support.
 {¶ 30} "I further find that a stated prison term is consistent with the purposes and principles of felony sentencing, and in my opinion, you are not amenable to community control sanctions.
 {¶ 31} "I further find that the shortest prison term should not be imposed in this case for the following reasons: one, the shortest prison term would demean the seriousness of your conduct, and two, the shortest prison term would not adequately protect the public from future crime." Id. at 10-11.
 {¶ 32} We note the trial court succinctly stated all of these findings in its judgment entry of February 13, 2002. Also, we note the presentence investigation report was included in the file for our review.
 {¶ 33} Upon review, we find the trial court thoroughly considered the factors set forth in R.C. 2929.11, 2929.12, 2929.13, 2929.15, 2929.16,2929.17 and 2929.18. We cannot find clear and convincing evidence that the record does not support the trial court's findings or that the sentence is otherwise contrary to law.
 {¶ 34} The sole assignment of error is denied.
 {¶ 35} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Wise, J. concur.